UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

Case No: _____

GREGORY STENSTROM, LEAH HOOPES, ROBERT MANCINI, JOY SCHWARTZ, KATHRYN BUCKLEY, SCOTT EDWIN THOMAS, ERIK KOCHER, CARRIS KOCHER, PAUL RUMLEY, JON MARIETTA, GENO GALLO, MELANIE PATTERSON, SUSANNA DEJEET, MICHAEL MILLER, BRIAN YANOVIAK, FELICE FEIN, JEANNE WHITE, SEAN PATRICK CONNOLLY, ASHLEY DUFF, DARLENE SMAIL, CARRIE HAHN, RENEE MAZER, MARTY SELKER, JOHN PROCTOR CHILD**,** Petitioners

v.

PENNSYLVANIA SECRETARY OF THE COMMONWEALTH, Respondent.

---

## MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' COMPLAINT FOR DECLARATORY JUDGMENT

## I. INTRODUCTION

This Memorandum of Law is submitted in support of Plaintiffs' Complaint for Declaratory Judgment, seeking judicial intervention to compel the Secretary of the Commonwealth of Pennsylvania to comply with both **federal** and **state election laws**. The Secretary's failure to fulfill her statutory duties presents an imminent and irreparable harm to the integrity of Pennsylvania's 2024 election and undermines the fundamental rights of Plaintiffs and Pennsylvania voters.

Plaintiffs assert that the Secretary's failure to comply with mandatory ministerial duties and statutory obligations constitutes a violation of **52 U.S.C. § 21081**, **52 U.S.C. § 20511**, and **25 P.S. §§ 2650, 2687**, requiring this Court's declaratory ruling.

## II. LEGAL STANDARD

Declaratory relief is appropriate under **28 U.S.C. § 2201** where there is an actual controversy regarding the interpretation and enforcement of federal and state law. Courts routinely issue declaratory judgments to clarify legal rights and obligations, particularly when statutory violations threaten imminent harm. The court's role is to interpret and apply the law, as reaffirmed by the Supreme Court in **Marbury v. Madison**, 5 U.S. (1 Cranch) 137 (1803).

## III. STANDING AND JUSTICIABILITY

## A. Plaintiffs Have Standing Under *Lujan v. Defenders of Wildlife* (504 U.S. 555 (1992))

To satisfy Article III standing, Plaintiffs must demonstrate (1) a concrete and particularized injury, (2) a causal connection between the injury and the defendant's conduct, and (3) redressability by a favorable decision. In this case, Plaintiffs, as certified poll watchers and Judges of Elections, have suffered **concrete harm**:

- **Learned helplessness**: Plaintiffs' statutory duties have been obstructed by the Secretary's unlawful actions, rendering them unable to carry out their roles.

- **Financial harm**: Plaintiffs have incurred financial expenses to ensure lawful election oversight.

- **Reputational harm**: Plaintiffs' reputations as election officials have been harmed by the Secretary's refusal to comply with statutory obligations.

This harm is **particularized** and **imminent**, as the 2024 election is approaching, and without immediate judicial intervention, Plaintiffs and Pennsylvania voters will suffer irreparable harm.

## B. This Case Presents a Justiciable Legal Question

The claims presented are purely legal in nature, involving the interpretation and enforcement of **federal election law** and **state statutes**. The Secretary's duties under **52 U.S.C. § 21081**, **52 U.S.C. § 20511**, and **25 P.S. §§ 2650, 2687** are ministerial, leaving no room for discretion. This Court is well-positioned to issue a declaratory ruling to resolve these statutory violations.

## IV. THE SECRETARY'S MINISTERIAL DUTIES ARE NON-DISCRETIONARY

The Secretary of the Commonwealth is statutorily obligated to ensure that election systems comply with both **federal** and **state law**. These duties are **ministerial**, meaning they must be performed exactly as prescribed by statute.

## A. Ministerial Duties Under State Law

In **Shroyer v. Thomas**, 81 A.2d 435 (Pa. 1951), the Pennsylvania Supreme Court held that ministerial duties must be followed without discretion. Similarly, in **In re Municipal Reapportionment of Twp. of Haverford**, 873 A.2d 821 (Pa. Commw. Ct. 2005), the court reaffirmed that election officials cannot evade statutory

obligations. The Secretary's duties, including certifying voting machines and ensuring proper election oversight, are clearly defined by statute and cannot be avoided.

### B. Ministerial Duties Under Federal Law

Federal law, particularly **52 U.S.C. § 21081**, mandates that voting systems meet specific standards for accuracy, accessibility, and security. The failure to certify these systems violates **federal law**, as does the distribution of mail-in ballots to unqualified electors under **52 U.S.C. § 20511**. The Secretary's role is not advisory but central to ensuring compliance with these statutes.

## V. VIOLATIONS OF FEDERAL AND STATE STATUTES

### A. Violations of 52 U.S.C. § 21081 and § 20511

The Secretary has failed to certify voting machines as required by **52 U.S.C. § 21081**, exposing the 2024 election to serious vulnerabilities. Additionally, the improper distribution of mail-in ballots to unqualified electors violates **52 U.S.C. § 20511**, which mandates stringent controls over the distribution and handling of ballots.

### B. Violations of 25 P.S. §§ 2650, 2687

Under Pennsylvania law, **25 P.S. §§ 2650, 2687** require that polling places and centralized counting centers be treated as **precincts**, subject to statutory oversight. The Secretary's failure to classify these centers as precincts prevents proper recounts, audits, and transparency, violating both state law and the **Fourteenth Amendment**.

## VI. THE COURT'S AUTHORITY TO DEFINE THE LAW

### A. Marbury v. Madison (5 U.S. 137 (1803))

As reaffirmed by the Supreme Court in **Marbury v. Madison**, it is the duty of the courts to declare what the law is. In this case, the law is clear: the Secretary's statutory duties are mandatory and must be enforced. A declaratory judgment from this Court will clarify these legal obligations.

### B. Loper Bright Enterprises v. Raimondo (2023)

In **Loper Bright Enterprises v. Raimondo**, the Supreme Court clarified that **Chevron deference** does not permit agencies to evade statutory mandates. This ruling reinforces that the Secretary must comply with both federal and state

statutes, and no deference can be given to the Secretary's discretion in election certification.

## VII. NOTICE AND ACCOUNTABILITY

The filing of this complaint provides the Secretary with **official notice** of her statutory obligations. Any further failure to comply with election law will not only violate the law but may result in **criminal referrals** to the **U.S. DOJ** and **PA AG** for prosecution under federal election statutes.

## VIII. CONCLUSION

For the reasons set forth above, Plaintiffs respectfully request that this Court issue a declaratory judgment confirming the Secretary's obligations under federal and state law, and ensuring that all statutory violations are remedied before the certification of the 2024 election results.

**Respectfully submitted,**

**Filed by Lead Petitioner and Primary Contact:**

**1.  GREGORY STENSTROM**

1541 Farmers Lane, Glen Mills, PA, 19342

gstenstrom@xmail.net

*[signature: Gregory Stenstrom]*

Dated: October 30th, 2024

**Other Petitioners:**

/S/LEAH HOOPES, ROBERT MANCINI, JOY SCHWARTZ, KATHRYN BUCKLEY, SCOTT EDWIN THOMAS, ERIK KOCHER, CARRIS KOCHER, PAUL RUMLEY, JON MARIETTA, GENO GALLO, MELANIE PATTERSON, SUSANNA DEJEET, MICHAEL MILLER, BRIAN YANOVIAK, FELICE FEIN, JEANNE WHITE, SEAN PATRICK CONNOLLY, ASHLEY DUFF, DARLENE SMAIL, CARRIE HAHN, RENEE MAZER, MARTY SELKER, JOHN PROCTOR CHILD/S/